# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Andrew Wheeler, ) | Civil Action No. 6:21-3512-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Bryan Sterling, Warden Tonya James, ) Steven Holiness, and Sgt. Sally Crowe, ) | |
| Defendants. ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Plaintiff's amended complaint be dismissed with prejudice for failure to state a claim. (Dkt. No. 22.) Plaintiff did not object. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the amended complaint with prejudice.

**I.     Background**

Plaintiff, a former state prisoner, brings claims under 42 U.S.C. § 1983 for damages arising from a June 2021 incident in his dorm at the South Carolina Department of Corrections Kershaw Correctional Institution. Plaintiff alleges that a cell in his cell's dorm block caught fire, and he thereafter breathed in smoke through a wet towel that he placed over his nose and mouth while waiting for SCDC officers to notice the issue and let inmates out of their cells, which has allegedly caused Plaintiff mental health problems and his grievances have been denied. (Dkt. No. 17.) Plaintiff filed this amended pleading after the U.S. Magistrate Judge issued an order notifying Plaintiff that his original complaint's Eighth Amendment claim was subject to dismissal because Plaintiff failed to allege both conduct beyond mere negligence and actual knowledge of a substantial risk of harm that was disregarded. (Dkt. No. 14.)

## II. <u>Legal Standard</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. <u>Discussion</u>

Plaintiff's amended complaint's claim for violation of his Eighth Amendment rights is brought on substantially identical allegations as was the original complaint. As the Magistrate Judge previously warned Plaintiff, to bring a claim for "cruel and unusual punishment" as prohibited by the Eighth Amendment, Plaintiff must make an objective showing that he was deprived of a sufficiently serious basic human need and that the Defendants had actual knowledge of a substantial risk of harm that they disregarded. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Here, Plaintiff alleges that he was released from his cell soon after SCDC officers noticed the fire, and mere negligence is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36, n. 3 (1986). Similarly, Plaintiff alleges that although Defendant Crowe was not at her guard position, Plaintiff was promptly released from his cell when the guards did notice the fire and smoke which, as in the original complaint, is insufficient

-3-

to plead that Defendants were aware of, but ignored, a substantial risk to Plaintiff. Also as the Magistrate Judge previously noted, Defendants Sterling, James and Holiness could not be liable in their supervisory capacities because the doctrines of vicarious liability and respondeat superior are generally inapplicable to suits brought under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Last, since Plaintiff has already been given leave to amend his pleading to correct these defects, the Court finds in its discretion that granting further leave to amend would be futile. *See Workman v. Morrison Healthcare*, 724 Fed. Appx. 280, 281 (4th Cir. 2018).

### IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 22) as the order of the Court. Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 15, 2022
Charleston, South Carolina